UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No.: 8:15-bk-12441-MGW
                                                    Chapter 7

Adam Joseph May

        Debtor.
_____

## MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS WITH CONSENT OF ALL LIENHOLDERS
(15921 Shawver Lake Dr. Lutz, FL 33549)

## NOTICE OF HEARING

> A PRELIMINARY HEARING in this case will be held on **February 9, 2017 at 9:30 a.m. in Courtroom 8A,** Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL, 33602, before the Honorable Michael G. Williamson, United States Bankruptcy Judge, to consider this matter and transact such other business that may come before the Court:
>
> 1. The hearing may be continued upon announcement made in open Court without further notice.
> 2. Appropriate Attire. You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.
> 3. Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073−1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the Courthouse.

COMES NOW Carolyn R. Chaney, Chapter 7 Trustee, and hereby moves for authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On December 15, 2015, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Carolyn R. Chaney was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns real property, by virtue of a deed, located at 15921 Shawver Lake Dr. Lutz, FL 33549, more particularly known as:

> ALL THAT CERTAIN PARCEL OF LAND SITUATED IN COUNTY OF HILLSBOROUGH IN THE STATE OF FLORIDA BEING KNOWN AND DESIGNATED AS:
>
> LOT 17, BLOCK 3, SILVER FORREST, ACCORIDNG TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 56, PAGE 63, PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA (the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

   a. a first mortgage lien exceeding $104,220.00 recorded on February 3, 2005 in Book 14653, Page 1766 in favor of HomeBanc Mortgage Corporation. The same mortgage was later assigned in favor of MERS its successors or assigns. This same mortgage was later assigned to U.S. Bank National Association, as indenture Trustee for

2

HomeBanc Mortgage Trust 2005-3, Mortgage backed Notes, Series 2005-3 of the

public Records of Hillsborough County, Florida.

8. The Trustee has accepted an offer from Brittany Elise Alsip and Dawn T. Knox (the

Buyers) to purchase this home in the amount of $149,500.00, as payment in full (subject to Court

and Lienholder approval). The current offer was not the only offer on the property but is the

highest offer. Moreover, the estate believes it is a fair offer for the current economy and the

length of time the property has remained on the market.

9. Any real property taxes will be paid prorated.

10. The sale price of $149,500.00, net the closing costs and anticipated $6,350.00 11 U.S.C.

503(c) surcharge to the bankruptcy estate, will not be enough to satisfy the outstanding lien.

Accordingly, the Trustee will seek approval of the sale by the lien holder(s) of the property. To

that end, the lienholders are hereby on notice that if they believe they are receiving less than

reasonable value for the release of their liens, they need to object to the proposed sale of the

Property.

11. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed

distribution of the sale proceeds at closing, as Exhibit "A."

12. The Buyer is a disinterested party, the Trustee finds it to be acting in good faith, and

Brittany Elise Alsip and Dawn T. Knox should be afforded the protections under Section 363(m).

## AUTHORITY TO SELL

13. Pursuant to §363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may

use, sell or lease property of the estate other than in the ordinary course of business.

Additionally, pursuant to §363(f) of the Bankruptcy Code, the trustee may sell property free and

clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

14. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of §363(f).

15. The Trustee avers that she shall satisfy section 363(f)(2) insofar as all lien holders shall consent to a sale of the property under section 363(f)(2), and that she should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

16. No allegation contained in this Motion or attachments thereto is intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees for benefit of creditors in the instant motion or attachments thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional compensation and Trustee compensation shall be sought by separate application to the Court.

## CONCLUSION

17. The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested

parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $149,500.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:  Total Sales/Brokers Commission:

| | |
|---|---|
| 2% to Sun Bay Realty, LLC | $2,990.00 |
| 4% to MVP Realty/BK Global Real Estate | $5,980.00 |

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtor;

5

F.  Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code, and

G.  Granting the Trustee such other and further relief as is just and proper.

DATED: January 17, 2017.                        Respectfully submitted,

                                                /s/ Carolyn R. Chaney, Trustee
                                                Post Office Box 530248
                                                St. Petersburg, FL 33747 -0248
                                                Telephone: 727-864-9851
                                                Email: carolyn.chaney@earthlink.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served by U.S. Mail or electronic delivery on January 17, 2017, to:

Office of United States Trustee, USTP.Region21.ECF@USDOJ.GOV

U.S. Bank National Association, c/o Marc G. Granger, Esquire, 8201 Peters Road, Suite 3000, Plantation, FL 33324

Taji Foreman, Esquire, 8201 Peters Road, Suite 3000, Plantation, FL 33324

Chase Manhattan Mortgage, 3415 Vision Drive Mail Code: OH4-7133, Columbus, OH 43219

Debtor:  Adam Joseph May, 22450 Stillwood Drive, Land O'Lakes, FL 34639

Attorney for Debtor:  David Thorpe, Esquire, 7819 N. Dale Mabry Hwy., Suite 108, Tampa, FL 33614; Email: david@thorpelawfirm.com

Attached Creditor Matrix.

                                                /s/ Carolyn R. Chaney, Trustee

Label Matrix for local noticing
113A-8
Case 8:15-bk-12441-MGW
Middle District of Florida
Tampa
Tue Jan 17 18:06:19 EST 2017

BK Global Real Estate Services
I/C/O Stephanie Givens
2000 E Lamar Blvd, Ste 155
Arlington, TX 76006-7337

Adam Joseph May
22450 Stillwood Dr.
Land O Lakes, FL 34639-4666

Russell Real Estate
27121 Center Ridge Rd
Westlake, OH 44145-4024

U.S. Bank National Association
Kahane & Associates, P.A.
c/o Marc G. Granger
8201 Peters Road
Ste. 3000
Plantation, FL 33324-3292

Balanced Healthcare
Receivables, LLC
164 Burke Street
Suite 201
Nashua, NH 03060-4783

Chase Manhattan Mortgage
Attn: Bankruptcy Dept
3415 Vision Dr
Mail Code: OH4-7133
Columbus, OH 43219-6009

Kahane & Associates
8201 Peters Road
Suite 3000
Plantation, FL 33324-3292

Navient
Attn: Bankruptcy Litigation
Unit E3149
P.O. Box 9500
Wilkes Barre, PA 18773-9500

Navient Solutions, Inc
PO BOX 9640
Wilkes-Barre, PA 18773-9640

Navient Solutions, Inc.
220 Lasley Ave
Wilkes-Barre, PA 18706-1430

Nelnet
121 South 13th Street, Suite 201
Lincoln, NE 68508-1922

Nelnet Loans
Attn: Claims
P.O. Box 82505
Lincoln, NE 68501-2505

Carolyn R. Chaney +
PO Box 530248
St. Petersburg, FL 33747-0248

United States Trustee - TPA7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

David Thorpe +
The Thorpe Law Firm PA
7819 N Dale Mabry Hwy
Suite 108
Tampa, FL 33614-3210

Taji S. Foreman +
Kahane and Associates
8201 Peters Road, Suite 3000
Plantation, FL 33324-3292

End of Label Matrix
Mailable recipients    16
Bypassed recipients     0
Total                  16